■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY RECKART, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: On appeal from his convictions of burglary in the second degree, criminal trespass in the second degree, and criminal mischief in the fourth degree, defendant argues that he was denied the right to testify before the Grand Jury. By failing to object within five days of his arraignment on the indictment, defendant has waived that claim (see, CPL 190.50 [5] [c]). Additionally, defendant failed to raise a repugnancy claim before the jury was discharged and thus has not preserved his argument that his conviction for burglary was repugnant to his acquittal on the charge of petit larceny (see, People v Alfaro, 66 NY2d 985). The issue is without merit, in any event, because defendant's acquittal on the petit larceny charge did not negate an essential element of the charge of burglary in the second degree (see, People v Tucker, 55 NY2d 1, rearg denied 55 NY2d 1039).

We agree with defendant's argument that the burglary and criminal trespass charges should have been submitted to the jury in the alternative (CPL 300.40 [3] [b]). Consequently, we reverse the conviction of criminal trespass in the second degree, vacate the sentence imposed thereon, and dismiss that count of the indictment. On this record, we are unable to evaluate defendant's claim that he was denied the effective assistance of counsel. That claim is more appropriately addressed in a proceeding brought pursuant to CPL article 440. Finally, we see no reason to modify the sentence in the interest of justice. (Appeal from judgment of Niagara County Court, Hannigan, J.—burglary, second degree.) Present—Dillon, P. J., Callahan, Doerr, Pine and Lawton, JJ.