■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

NATHANIEL LEHRMAN, Appellant. [606 NYS2d 701] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered December 11, 1991, convicting defendant, after a jury trial, of grand larceny in the second degree, conspiracy in the fourth degree, and 16 counts of offering a false instrument for filing in the first degree, and sentencing him to 18 concurrent terms of 1 to 3 years, and restitution of $250,000, unanimously affirmed. The matter is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Defendant's guilt was established beyond a reasonable doubt *(People v Contes,* 60 NY2d 620, 621), the jury having ample grounds to reject defendant's attempts to explain his conceded participation in the overbilling scheme, the extent of which was proven by competent evidence.

Defendant's right against self-incrimination was not violated by the prosecution's use, as evidence in chief, of defendant's testimony in an earlier contempt proceeding it had brought against defendant, since defendant was not compelled in any manner to testify at the contempt hearing. The prosecutor's isolated, unintentional misstatement of fact, concerning the dates of certain events, was adequately cured by the court's general instruction that the jury's recollection controls.

Defendant was properly convicted of a conspiracy count that encompassed conspiratorial acts (but not substantive crimes) committed by coconspirators before defendant joined the conspiracy *(see, People v McGee,* 49 NY2d 48, 57-58, *cert denied sub nom. Quamina v New York,* 446 US 942). The jury was entitled to draw the rational inference that defendant's reassembling of records in response to the Medicaid audit was a coverup and not a legitimate reconstruction. Defendant's motion for a severance was properly denied (CPL 200.40 [1]). Finally, the sentence for this Medicaid overbilling scheme involving a theft of more than $750,000 was not an abuse of discretion, defendant's background notwithstanding. Concur—Sullivan, J. P., Carro, Wallach and Tom, JJ.