■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR MONTEZ, Appellant. [611 NYS2d 172] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered May 14, 1992, convicting defendant, after jury trial, of criminal possession of a controlled substance in the third degree and criminal possession of controlled substance in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years and 3 to 6 years, respectively, unanimously affirmed.

Defendant failed to object to any of the prosecutor's summation comments that he now claims deprived him of a fair trial, and thus failed to preserve his current claims of error (CPL 470.05; *People v Iannelli*, 69 NY2d 684, *cert denied* 482 US 914). In any event, the prosecutor's comments regarding credibility of the police witnesses were responsive to the defense summation *(People v Marks,* 6 NY2d 67, *cert denied* 362 US 912). Although the prosecutor might better have utilized milder terms in summation than "a story" and "a frenzy of lies", his characterization of defendant's testimony as "patently false" was accurate *(see, People v Jones,* 162 AD2d 204, *lv denied* 76 NY2d 859).

Defendant has withdrawn his argument based on a *Sandoval* violation. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Rubin, JJ.

■ In the Matter of KENTI S., a Person Alleged to be a Juvenile Delinquent, Appellant. [611 NYS2d 173] —Order of disposition, Family Court, Bronx County (Rhoda Cohen, J.), entered October 14, 1992, adjudicating appellant a juvenile delinquent following a fact-finding determination that she committed acts which, if committed by an adult, would constitute the crime of assault in the third degree, and placing her with the Division for Youth for a period of 12 months, unanimously affirmed, without costs.

The evidence of the complainant's injuries, which included two swollen and blackened eyes, a throbbing lump on her head, a bruise to the rib area and pain in the indicated areas for approximately two weeks, sustained in an altercation in which appellant participated, was sufficient as a matter of law to prove a "physical injury" within the meaning of Penal Law § 120.00. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Rubin, JJ.