■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK METIVIER, Appellant. [619 NYS2d 731] —Appeals by defendant from (1) a judgment of the Supreme Court, Kings County (Beldock, J.), rendered January 28, 1992, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 3484/90, upon a jury verdict, and imposing sentence, and (2) two amended judgments of the same court (Kramer, J.), both rendered January 29, 1992, revoking sentences of probation previously imposed by the same court, upon findings that he had violated conditions thereof, and imposing sentences of imprisonment upon his previous convictions, upon his pleas of guilty, to two counts of criminal possession of a controlled substance in the fourth degree under Indictment No. 49/87, and criminal sale of a controlled substance in the fourth degree under Indictment No. 2238/87.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered; and it is further,

Ordered that the amended judgments are reversed, on the law, and the matters are remitted for further proceedings on the issue of the defendant's violations of probation.

We agree with the defendant that the trial court erred in denying his pretrial discovery request, pursuant to CPL 240.20 (1), to .conduct independent testing of the drugs which were the subject of his conviction. Contrary to the court's ruling, it was not necessary for the defendant to make a "special showing" in order to conduct such testing since the statute provides that "upon a demand to produce by a defendant * * * the prosecutor *shall disclose* to the defendant and make available for * * * testing * * * [a]ny * * * property obtained from the defendant" (CPL 240.20 [1] [f] [emphasis supplied]).

We also note that during the jury selection process, in response to defense counsel's *Batson* claims, the trial court essentially conceded that the defendant had established a prima facie case of discrimination based upon the prosecutor's use of 10 out of 11 challenges against prospective jurors who were black *(see, People v Simmons,* 79 NY2d 1013; *People v Reed,* 178 AD2d 666). Nevertheless, the court failed to require the prosecutor to provide racially-neutral reasons for such challenges. This was error.

It is well established that a party's race-based use of peremptory challenges violates both State and Federal constitutional equal protection requirements *(see, Batson v Kentucky,* 476 US 79; *People v Childress,* 81 NY2d 263; *People v Kern,* 75 NY2d 638, *cert denied* 498 US 824). Moreover, where a defendant has demonstrated a prima facie case of discriminatory use of peremptory challenges, the burden shifts to the prosecution to come forward with a racially-neutral explanation for its challenges *(see, People v Childress,* 81 NY2d 263, *supra).*

Accordingly, in the case at bar, the court should have compelled the prosecutor to proffer such an explanation in response to defense counsel's *Batson* claim. Bracken, J. P., Santucci, Krausman and Goldstein, JJ., concur.