■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HAMPTON, Appellant. [621 NYS2d 58] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered May 26, 1992, convicting defendant, after a jury trial, of robbery in the first degree and robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The denial by defendant's alibi witness of any knowledge of or involvement in narcotics trafficking in her apartment did not "preclude further inquiry by the prosecutor in a legitimate effort to cause the [witness] to change [her] testimony" since the prosecutor had a good faith basis for the questioning (*People v Schwartzman*, 24 NY2d 241, 244).

Defendant's complaints about the prosecutor's summation are largely unpreserved and we decline to review them in the interest of justice (*People v Montez*, 203 AD2d 216, *lv denied* 83 NY2d 969). If we were to review them, we would find them to be without merit. The prosecutor's comment that the victim "was able to pick out" defendant's accomplice five times, was simply a misstatement of her earlier reference to the victim's observation of the defendant and his accomplice on five separate occasions (*People v Lehrman*, 200 AD2d 540, *lv denied* 83 NY2d 855).

As to the preserved claims, defendant was not prejudiced by the prosecutor's suggestion that his alibi witness knew that 450 vials of cocaine had been recovered from her apartment, in light of the court's admonishment of the prosecutor, and its

charge to the jury that counsel's argument was not evidence and that it was the jury's recollection that controlled *(People v Good,* 201 AD2d 254). Finally, we note that any error in the prosecutor's summation and cross-examination was harmless in light of the overwhelming evidence of defendant's guilt *(People v Reddick,* 65 NY2d 835). Concur—Murphy, P. J., Sullivan, Wallach, Nardelli and Tom, JJ.