OPINION OF THE COURT
 

 Smith, J.
 

 The issues here are whether (1) FBI notes related to a one-page DNA testing report are within the scope of the discovery rule of CPL 240.20, (2) the prosecution was required to provide these notes upon defendant’s request, notwithstanding that they were not in its possession, and (3) the trial court erred by refusing to direct that defendant receive the notes the FBI used in analyzing DNA evidence in this rape case. Because the
 
 *42
 
 defendant repeatedly sought the notes, and they have not been provided to him, we modify and remit to the trial court.
 

 Defendant was convicted, after a jury trial, of rape in the first degree and sodomy in the first degree. The evidence was that after spending an evening dining and socializing with the complainant, who was estranged from her husband, defendant forcibly raped and sodomized her.
 

 Prior to trial, and as part of an omnibus motion, defendant requested discovery including "copies of any and all reports of scientific tests or experiments and memoranda prepared in connection with this case.” Defendant and the complainant submitted blood samples for laboratory examination and the People requested DNA testing. The Suffolk County Laboratory collected the samples from the parties and sent them to the Federal Bureau of Investigation Criminalistics Laboratory in Washington, D.C., to construct a DNA profile. By letter dated September 17, 1991, the FBI reported the following:
 

 "No DNA profile results unlike the K-l [dried blood] sample from the victim were obtained for specimen Q-l [vaginal swabs]; therefore, no comparisons could be made with the known specimen from the suspect.
 

 "The submitted items of evidence and the probed membrane will be returned to your office under separate cover by registered mail” (bracketed material supplied).
 

 Defendant received this report without any accompanying laboratory notes made by the FBI at the time of its analysis.
 

 On March 2, 1992, after the opening statements and prior to any witness being called, the defense attorney noted that he had received a summary sheet of an FBI analysis of DNA evidence. He protested the fact that he had not received the FBI notes requested in his omnibus motion. The District Attorney stated that he had no obligation to provide them. The Court did not direct their production but noted the prosecutor’s obligation under CPL 240.45 to produce
 
 Rosario
 
 material.
 

 During the trial, the one-page FBI summary was admitted into evidence without objection during the testimony of Charles Wagner, a forensic serologist for the Suffolk County Crime Laboratory. While there was no objection to the admission of the report, defendant objected to and the court sustained objections to any questions concerning Wagner’s analy
 
 *43
 
 sis of the FBI document. Subsequently, defendant was convicted of both charges in the indictment, rape and sodomy.
 

 On March 20, 1992, after the verdict was reached, defendant moved for an order directing the FBI to disclose and submit to the court "all records in their possession pertaining to laboratory analysis and tests performed with respect to samples furnished to their laboratory by the defendant, Joseph Dagata and by the alleged victim of the underlying crime.” In his affirmation in support of the motion, defendant referred to his discovery request pursuant to CPL 240.20 (1) (c), to his request after the opening statements of the parties, to his own unsuccessful efforts to obtain the material from the FBI, and to the possibility that the material was either
 
 Rosario
 
 or
 
 Brady
 
 material. The prosecution opposed the motion on the grounds that it was not in possession of the notes. By decision dated April 8, 1992 the court directed the People to request, from the FBI, all pertinent records for an in camera inspection by the court to determine whether they were exculpatory and otherwise denied the motion. By decision dated May 5, 1992, after the court inspected the notes, it determined they were not
 
 Brady
 
 material.
 

 Defendant subsequently made a CPL 330.30 motion seeking to set aside the verdict. In defendant’s view, the notes obtained from the FBI were "newly discovered evidence” under subdivision (3) of that statute, on the grounds that "the defendant was deliberately prevented from obtaining documents which the District Attorney was mandated to furnish.” The affirmation in support of the motion included the points made on the prior motion. It also referred to the court’s in camera inspection but contended that defendant was still entitled to the laboratory notes. County Court denied defendant’s motion in all respects and without a hearing. In his brief in the Appellate Division, defendant again made the argument that he was entitled to the FBI laboratory notes, making arguments previously raised in his omnibus motion, at trial and after trial and asserting "the Court’s
 
 in camera
 
 determination cannot be deemed sufficient review of the materials sought by the defense.” The Appellate Division affirmed, and a Judge of this Court granted defendant’s application for permission to appeal.
 

 Defendant argues that he was deprived of a fair trial by the court’s refusal to give him access to the laboratory notes and by the
 
 sua sponte
 
 decision to conduct an in camera review of
 
 *44
 
 the FBI notes. The People contend that the trial court did not abuse its discretion by conducting the in camera review and also argue that defendant’s claims are unpreserved.
 

 In New York, discovery rules are essentially creatures of legislative policy
 
 (see,
 
 LaFave & Israel, Criminal Procedure § 20.1 [2d ed 1992]; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 240.10, at 216). This policy is embodied in CPL article 240. One commentator (Preiser,
 
 op. cit.,
 
 at 216-217) has noted a distinction between discovery rules which permit a view of the opponent’s evidence and those which relate to constitutionally guaranteed access to exculpatory information
 
 (Brady v Maryland,
 
 373 US 83;
 
 People v Vilardi,
 
 76 NY2d 67) or fundamental fairness through a review of any prior statement made by a witness
 
 (People v Rosario,
 
 9 NY2d 286,
 
 rearg denied
 
 9 NY2d 908,
 
 cert denied
 
 368 US 866). While defendant’s previous requests for the FBI notes have referred to both aspects of discovery, it is the former aspect, the one seeking a view of the other side’s evidence, which is central to this appeal. CPL 240.20 (1) (c) requires that the People produce for defendant "[a]ny written report or document, or portion thereof * * * concerning a * * * scientific test or experiment, relating to the criminal action or proceeding,” and made at the request of a public servant involved in law enforcement activity. While a prosecutor may seek a protective order against disclosure, no reason whatsoever is given here for a failure to disclose. The notes defendant sought, 10 pages of notes used by the FBI in preparation of the report submitted to the District Attorney, clearly fall within the statute as "[a]ny written report or document, or portion thereof * * * concerning a * * * scientific test.” According to the record, the FBI had no problem with providing those notes but wanted a court order. Additionally, section 240.20 is generally construed as a mandatory directive, compelling the People to provide the items when sought by the defendant (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 240.20, at 221).
 

 Although the laboratory notes sought in this case may not implicate
 
 Rosario
 
 rules in the traditional sense since they were not made by a witness who testified, the conclusion that they were not
 
 Brady
 
 material is not binding on the defendant. DNA research is at the vanguard of law enforcement
 
 (see, People v Wesley,
 
 83 NY2d 417). The highly technical nature of this evidence, perhaps open to interpretation given the rapid pace of advances in the development of this field, should be
 
 *45
 
 subject to the evaluation and strategy of defendant’s counsel and experts. We have often repeated that the best judge of the value of evidence to a defendant’s case is "the single-minded devotion of counsel for the accused”
 
 (People v Baghai-Kermani,
 
 84 NY2d 525, 531;
 
 People v Flores,
 
 84 NY2d 184, 187;
 
 People v Banch,
 
 80 NY2d 610, 615;
 
 People v Young,
 
 79 NY2d 365, 371). To that end and consistent with this State’s philosophy of broad pretrial disclosure, the notes requested by defendant should have been provided. Defendant could have used the notes to determine whether further inquiry would possibly lead to information favorable to defendant’s case
 
 (see, People v Wallace,
 
 76 NY2d 953, 955). Defendant might have challenged (1) the FBI’s methodology in general, (2) the type of DNA testing used, (3) storage methods or (4) whether other tests or analyses could have resulted in a more proficient reading of the materials analyzed. Additionally, it was clear from the FBI’s report that materials and analyses other than the report itself were involved. Thus, the People were on notice that the FBI probably possessed substantially more detailed information than the one-page report provided.
 

 We hold that it was error for the trial court to deny access to the FBI notes to the defendant. Any materials regarding "scientific tests” were sought from the outset. The court abused its discretion not by conducting the in camera review but by refusing defendant access to the documents. The trial court’s finding that the notes were not exculpatory under
 
 Brady
 
 is of no moment concerning their production for defendant. CPL 240.20 provides that defendants receive the information whether or not exculpatory in nature. Moreover, the People specified no good reason to deny defendant access to the notes other than their reluctance to seek the notes themselves.
 

 Notwithstanding the People’s argument to the contrary, defendant’s initial request for the materials in his omnibus motion and his several requests for the materials subsequent to that motion sufficiently preserved the issues before us. Defendant could have moved to compel disclosure
 
 (see,
 
 CPL 240.35, 240.40). Nevertheless, in light of (1) defendant’s request for the information in his omnibus motion, (2) defendant’s repeated requests to the court for the materials both prior to and during trial, (3) the prosecution’s consistent refusal to provide the material, and (4) the spirit and purpose of CPL 240.20, we conditionally remit to remedy only the
 
 *46
 
 prosecution’s erroneous failure to turn over the materials for defendant’s inspection.
 

 Based on the foregoing, the requested material is to be provided to the defendant. If a request is made for a CPL 330.30 hearing, the trial court should entertain it. If a CPL 330.30 hearing is held and defendant is successful, a new trial should be ordered. If defendant is unsuccessful, the judgment of conviction and sentence should be amended to reflect the result of the CPL 330.30 hearing.
 

 Accordingly, the order of the Appellate Division should be modified by remitting the case to County Court, Suffolk County, for further proceedings in accordance with this opinion, and, as so modified, affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
 

 Order modified by remitting the case to County Court, Suffolk County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.