■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD JEFFREY WILLIAMS, Appellant. [673 NYS2d 113] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered July 24, 1995, convicting defendant, after a jury trial, of grand larceny in the third degree and attempted grand larceny in the third degree, and sentencing him to a term of 5 years probation, to pay restitution in the amount of $9,257 and to perform 50 hours of community service on the grand larceny in the third degree conviction and to a concurrent term of 5 years probation on the attempted grand larceny in the third degree conviction, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). Defendant's intent to steal was established by the payroll transmittal sheets, which, when cross-checked with the route forms, showed that defendant substantially inflated the number and type of deliveries made by three drivers and that he paid these drivers for deliveries purportedly made on their days off; and by an agreement defendant had with the owner of one of the vans in question, who was defendant's mother's fiancé, to receive payment in exchange for providing business to the owner. The jury had ample basis upon which to reject defendant's incredible explanation of his conduct (*see, People v Lehrman*, 200 AD2d 540, *lv denied* 83 NY2d 855).

Defendant's contention that the court erred by failing to provide a circumstantial evidence charge to the jury is unpreserved for appellate review (*see, People v Baez*, 183 AD2d 481, *lv denied* 80 NY2d 901), and we decline to review it in the interest of justice. Were we to review it, we would find that a circumstantial evidence charge was not required since defendant's guilt was based on both direct and circumstantial evidence (*see, People v Roldan*, 88 NY2d 826, 827; *People v Von Werne*, 41 NY2d 584, 590). Concur—Lerner, P. J., Ellerin, Rubin and Saxe, JJ.