*432 OPINION OF THE COURT
John M. Leventhal, J.
Defendant moves this court on due process grounds for an order directing the People to disclose all reports and witness statements relied upon by their psychiatric expert, Dr. Siegal, in forming the basis of his opinion. The People oppose said motion claiming that at least some of the items sought are Rosario material and will be turned over at the proper time.[1]
BACKGROUND
Defendant, Carmelo Cubero, has been indicted for two counts of murder in the second degree (one intentional and one under a reckless/depraved indifference theory) and criminal possession of a weapon in the fourth degree. It is alleged that defendant stabbed his estranged wife and caused her death in her apartment on November 26-27, 1997.
Defendant interposed a defense of mental disease or defect (see, CPL 250.10). Dr. Thomas O’Rourke conducted a psychiatric examination for the defense. Dr. O’Rourke’s report has been provided to the People. As is their right, the People conducted their own psychiatric examination by Dr. Lawrence Siegal. In formulating his opinion, Dr. Siegal relied on several reports and witness statements provided to him by the prosecution. Defendant’s expert was not provided with these additional reports and statements. Accordingly they were not utilized by Dr. O’Rourke in reaching his diagnosis and in formulating his opinion.
defendant’s due process argument
The defendant requests that the People turn over all reports and witness statements used by their expert in forming his opinion as to the medical condition of the defendant at the time of the crime. The defendant claims that the People’s refusal to turn over the items sought amounts to a violation of his Federal and State right to due process (US Const 5th, 14th Amends; NY Const, art I, § 6).
It is now settled that there is no Federal or State constitutional right to discovery in a criminal trial. (Weatherford v Bursey, 429 US 545, 549; Matter of Miller v Schwartz, 72 NY2d *433 869, 870.)[2] “Since there is no constitutional right to discovery in criminal cases, courts cannot grant discovery where no statutory basis exists” (People v Seeley, 179 Misc 2d 42, 50).
Our inquiry is not yet concluded as defendant has made a specific request for certain material. The court will now determine whether a statutory basis exists for the People’s disclosure of the information sought.
DISCLOSURE UNDER CPLR ARTICLE 240
CPL article 240 has been adopted in New York to determine what materials are discoverable prior to a criminal trial. Absent an independent constitutional or other mandate, items not enumerated in article 240 are not discoverable. (People v Colavito, 87 NY2d 423.) Thus, it is clear that discovery in criminal proceedings is entirely governed by statute.
CPL 240.20 (1) provides in pertinent part that:
“Except to the extent protected by court order, upon a demand to produce by a defendant against whom an indictment * * * is pending, the prosecutor shall disclose to the defendant and make available for inspection, photographing, copying or testing, the following property * * *
“(c) Any written report or document, or portion thereof, concerning a physical or mental examination, or scientific test or experiment, relating to the criminal action or proceeding which was made by, or at the request or direction of a public servant engaged in law enforcement activity, or which was made by a person whom the prosecutor intends to call as a witness at trial, or which the people intend to introduce at trial”.
The statements and reports reviewed by the People’s expert in formulating his written report concerning defendant’s mental examination are precisely the kinds of material that must be turned over to the defense upon request. (People v DaGata, 86 NY2d 40.) “[Defendant's failure to move pursuant to CPL 240.40 to compel the People to produce this documentation does not constitute a waiver of his right to this information.” (People v Corley, 124 AD2d 390, 391.) The defendant is entitled to the discovery of documents relevant to and utilized by the People’s expert concerning his mental examination of the defendant. (People v Palumbo, 162 Misc 2d 650.) *434 “[S]ection 240.20 is generally construed as a mandatory directive, compelling the People to provide the items when sought by the defendant (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 240.20, at 221)” (People v DaGata, 86 NY2d, at 44, supra).
The criminal discovery statute under article 240 is a creature of legislative policy. (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 240.10, at 216.) Discovery under CPL article 240 should not be a sporting event where the opponent only discovers facts in the hands of the adversary at trial. (People v Copicotto, 50 NY2d 222, 226.) The disclosure of the materials which were involved in the preparation of the expert’s report advances fairness and a productive environment in which psychiatric evidence can be introduced. This is the goal of the legislative intent as articulated in the statute. (See, CPL 250.10; People v Almonor, 93 NY2d 571.)
In the matter sub judice, the prosecution’s expert, Dr. Siegal, referred to several reports and various witness statements. This information is presumed to be a basis for his final opinion as to the mental condition of the defendant. “[T]o prevent one psychiatric expert from knowing the basis of the other expert’s opinion on the question of defendant’s sanity in a criminal case is incompatible with the legislative policy evident in CPL 250.10 (3) and (4) of assuring that each party has unrestricted access to the relevant psychiatric opinions and information of the other.” (People v Santana, 80 NY2d 92, 100.) If the witness statements and reports are necessary for the People’s expert to prepare his written report concerning the mental examination of the defendant, then certainly it cannot be maintained that this material is not equally vital to defendant’s expert in formulating his opinion in aid of the defense of mental disease or defect. For this reason alone, even if CPL 240.20 (1) (c) would not mandate disclosure, then this court in its discretion would nonetheless order the material sought to be produced to the defendant. (See, CPL 240.40 [1] [c].)[3]
*435 The characterization of the witness statements and perhaps some of the reports as Rosario material does not bar disclosure. While the materials may also constitute prior statements of witnesses that the People will or may call to testify at trial, these statements and reports also are discoverable under CPL 240.20 (1) (c) and 240.40 (1) (c) as discussed above. By way of analogy, should Rosario material also constitute Brady material, it would be futile to argue that Brady statements should or could be withheld until after the prosecutor’s opening statement.
This court holds that the reports and statements utilized by Dr. Siegal are discoverable by the defense. There is no legal authority to permit the prosecution to withhold these materials as discovery is mandated by the provisions of CPL 240.20 (1) (c).
The defendant also requests that the People disclose the names and addresses of witnesses contained in the documents that the defense is seeking to obtain. The names and addresses of the witnesses are evidentiary materials and therefore not discoverable. (People v Contento, 146 AD2d 959, 961; People v Miller, 106 AD2d 787, 788.) Also, this information is not necessary for the defendant’s expert to form his opinion as to the mental condition of the defendant.
Accordingly, the defendant’s motion that the People turn over all documents reviewed by Dr. Siegal in making his written report of defendant’s mental examination is granted.

. (See, People v Rosario, 9 NY2d 286.) Rosario material must be turned over “[a]fter the jury has been sworn and before the prosecutor’s opening [statement]” (CPL 240.45).

. See People v Gonzalez (120 AD2d 464) and People v Leon (134 Misc 2d 757) for pre-Miller cases holding that the People’s failure to turn over to defendant’s expert prior statements (some not constituting Rosario material) and other information relied upon by their expert in formulating his opinion constituted a due process violation.

. CPL 240.40 (1) (c) provides, in pertinent part, that a court “may order discovery with respect to any other property, which the people intend to introduce at the trial, upon a showing by the defendant that discovery with respect to such property is material to the preparation of his defense, and that the request is reasonable. Upon granting the motion pursuant to [this] paragraph * * * the court shall, upon motion of the people showing such to be material to the preparation of their case and that the request is reasonable, condition its order of discovery by further directing discovery by the *435 people of property, of the same kind or character as that authorized to be inspected by the defendant, which he intends to introduce at the trial.”