■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL S. SCOTT, Appellant. [821 NYS2d 339]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered March 9, 2001. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and criminal mischief in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]) and criminal mischief in the fourth degree (§ 145.00 [1]), defendant contends that he was denied effective assistance of counsel as a result of his initial defense counsel's conflict in representation and the failure of his initial defense counsel to make certain pretrial motions. We discern no irreconcilable conflict inherent in initial defense counsel's simultaneous representation of defendant and codefendant during pretrial proceedings. Moreover, as we noted on the appeal of codefendant, "[t]he failure of [defense] counsel 'to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel'" (*People v McQueen*, 307 AD2d 765, 765-766 [2003], *lv denied* 100 NY2d 622 [2003]). Here, "defendant has not demonstrated the absence of strategic or other legitimate explanations for [his initial defense] counsel's failure to pursue colorable claims" (*id.* at 766 [internal quotation marks omitted]). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Contrary to defendant's contention, the verdict finding defendant guilty of burglary but not guilty of grand larceny in the fourth degree is not repugnant (*see People v Mainella*, 2 AD3d 1330 [2003], *lv denied* 2 NY3d 742, 3 NY3d 660 [2004]; *People v Carrion*, 282 AD2d 543 [2001], *lv denied* 96 NY2d 860 [2001]; *People v Reckart*, 163 AD2d 846 [1990]). In addition, there was no *Brady* violation inasmuch as the evidence in question was not exculpatory (*see generally People v Vilardi*, 76 NY2d 67, 73 [1990]). Also contrary to defendant's contention, the prosecutor had the requisite good faith basis for seeking to impeach the

credibility of a defense witness by questioning him with respect to prior criminal convictions (*see People v Bailey*, 257 AD2d 432, 433 [1999], *lv denied* 93 NY2d 966 [1999]; *see also People v Hampton*, 211 AD2d 464 [1995], *lv denied* 85 NY2d 973 [1995]), and defendant was not deprived of a fair trial by prosecutorial misconduct on summation (*see People v Torturica* [appeal No. 2], 23 AD3d 1040, 1041 [2005], *lv denied* 6 NY3d 819 [2006]; *People v Peckham*, 8 AD3d 1121 [2004], *lv denied* 3 NY3d 679 [2004]). County Court did not abuse its discretion in denying defendant's severance motion (*see People v Chalk*, 199 AD2d 813 [1993]; *People v Neiva*, 161 AD2d 1173 [1990], *lv denied* 76 NY2d 895 [1990]).

Finally, the court did not err in denying defendant's *Batson* challenge. The court properly determined that the People articulated a race-neutral explanation for peremptorily challenging the prospective juror in question (*see People v Ball*, 11 AD3d 904 [2004], *lv denied* 3 NY3d 755, 4 NY3d 741 [2004]; *People v Linen*, 5 AD3d 1022, 1022-1023 [2004]; *People v Harris*, 1 AD3d 881, 882 [2003], *lv denied* 2 NY3d 740 [2004]), and defendant failed to meet his burden of establishing that the explanation was pretextual (*see Harris*, 1 AD3d at 882; *People v Welch*, 298 AD2d 903 [2002], *lv denied* 99 NY2d 565 [2002]).

We have considered the contentions raised in defendant's pro se supplemental brief and conclude that they are without merit. Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Green, JJ.