THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS DELATORRES, Appellant. [825 NYS2d 614]—

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered April 25, 2003. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, rape in the second degree, sexual abuse in the first degree, sexual

abuse in the second degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, rape in the first degree (Penal Law § 130.35 [1]) arising from his sexual contact with his girlfriend's 13-year-old daughter. Defendant did not move to suppress the statements that he made to the police at the time of his arrest and therefore failed to preserve for our review his present contention that he did not waive his *Miranda* rights before making the statements and thus that the statements were involuntarily made (*see generally People v Robinson*, 8 AD3d 1028, 1029 [2004], *affd* 5 NY3d 738 [2005], *cert denied* 546 US —, 126 S Ct 573 [2005]; *People v Anderson*, 274 AD2d 974 [2000], *lv denied* 95 NY2d 863 [2000]).

Defendant also failed to preserve for our review his contention that the prosecutor violated his right to discovery pursuant to CPL 240.20 inasmuch as he did not object to the allegedly untimely disclosure of certain recordings on the specific grounds raised on appeal (*see generally People v Robinson*, 88 NY2d 1001 [1996]; *People v Smith*, 24 AD3d 1253 [2005], *lv denied* 6 NY3d 818 [2006]). In any event, defendant failed to establish that the People violated CPL 240.20 and, even assuming, arguendo, that there was a violation, we conclude that reversal based on that alleged violation would not be required. "The People's delay in complying with the provisions of CPL 240.20 constitutes reversible error . . . only when the delay substantially prejudices defendant," and here defendant failed to establish that he was "substantially prejudice[d]" by the alleged delay (*People v Benitez*, 221 AD2d 965, 966 [1995], *lv denied* 87 NY2d 970 [1996]; *see also People v Welch*, 281 AD2d 906 [2001], *lv denied* 97 NY2d 734 [2002]; *People v Pagano*, 135 AD2d 1102 [1987], *lv denied* 71 NY2d 1031 [1988]).

Defendant failed to preserve for our review his further contention that the conviction is not supported by legally sufficient evidence inasmuch as he failed to renew his challenge to the legal sufficiency of the evidence after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Adamus*, 31 AD3d 1210, 1211 [2006]). In any event, the evidence is legally sufficient to support the conviction and, contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "The credibility of the victim and the weight to be accorded her testimony were mat-

ters for the jury" (*People v Halwig*, 288 AD2d 949, 949 [2001], *lv denied* 98 NY2d 710 [2002]; *see People v Gray*, 15 AD3d 889, 890 [2005], *lv denied* 4 NY3d 831 [2005]). Present—Hurlbutt, A.P.J., Gorski, Smith and Centra, JJ.