■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCIUS WRIGHT, Appellant. [843 NYS2d 482]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered July 13, 2004. The judgment convicted defendant, upon a jury verdict, of murder in

the second degree (two counts), robbery in the first degree (two counts), attempted robbery in the first degree and kidnapping in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder], [3] [felony murder]) and two counts of robbery in the first degree (§ 160.15 [4]). Defendant contends that the evidence is legally insufficient to support the crime of depraved indifference murder because the People failed to establish the uncommon brutality and utter wantonness required for that crime (see generally People v Payne, 3 NY3d 266, 271 [2004], rearg denied 3 NY3d 767 [2004]). By failing to renew his motion to dismiss after presenting evidence, defendant failed to preserve that contention for our review (see People v Lane, 7 NY3d 888, 889 [2006]; see also People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]).

We reject the further contention of defendant that Supreme Court erred in denying his CPL 330.30 motion to set aside the verdict based on the People's failure to provide him with the written statement of one of his codefendants prior to the conclusion of the trial. We do not agree with defendant that the statement constitutes both Brady material and newly discovered evidence. Defendant's request for all "statements[,] . . . handwritten notes or a synopsis of statements made by any witnesses" does not constitute a specific request for statements of a codefendant whom the People do not intend to call as a witness (see generally People v Vilardi, 76 NY2d 67, 77 [1990]). The codefendant's statement is not exculpatory with respect to defendant, given the accomplice liability theory presented to the jury, nor does it tend to disprove the People's theory that the shooting occurred during the course of a robbery, and it therefore does not constitute Brady material (see People v Scott, 32 AD3d 1178, 1179 [2006], lv denied 8 NY3d 884 [2007]; see generally People v Bond, 95 NY2d 840, 843 [2000]; Vilardi, 76 NY2d at 73). Even assuming, arguendo, that the statement constitutes newly discovered evidence, we conclude that it is not "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 330.30 [3]).

Contrary to defendant's contention, the verdict with respect to felony murder is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).

We further conclude that defendant was not deprived of effective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, " 'it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (*see People v Benevento*, 91 NY2d 708, 712 [1998], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]). Defense counsel's decision to call as a witness a psychologist retained by the People to evaluate the capacity of defendant to understand and waive his *Miranda* rights was a reasonable and legitimate strategic decision designed to persuade the jury to discount defendant's highly inculpatory statement. We reject the contention of defendant that defense counsel's failure to renew his dismissal motion after he presented evidence amounted to ineffective assistance of counsel.

Finally, we reject the contention of defendant in his pro se supplemental brief that the court erred in failing to read the applicable sections of the Penal Law with respect to the charged crimes when instructing the jury. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Green, JJ.