THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN DAVIS, Appellant. [859 NYS2d 804]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered May 30, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [former (4)]). Defendant had contended at trial that he was justified in killing the victim because the victim was the aggressor and the weapon (gun) belonged to the victim. According to defendant, the weapon discharged during the struggle between defendant and the victim, killing the victim and causing defendant to sustain a gunshot wound to his left hand.

We agree with defendant that reversal is required based both on the People's failure to comply with his discovery demands in a timely manner and on County Court's denial of his requests for brief adjournments to review the material eventually disclosed by the People.

CPL 240.20 (1) (c) provides in relevant part that, "upon a demand to produce by a defendant . . . , the prosecutor shall disclose to the defendant . . . [a]ny written report or document, or portion thereof, concerning a . . . scientific test or experiment, relating to the criminal action or proceeding which was made by, or at the request or direction of a public servant engaged in law enforcement activity, or which was made by a person whom the prosecutor intends to call as a witness at trial, or which the [P]eople intend to introduce at trial . . . ." The People's duty to disclose such material is ongoing (*see* CPL 240.60).

Here, despite defendant's demand therefor, the People failed until the day of jury selection to disclose, inter alia, a 12-page firearm analysis with photographs from the Monroe County Public Safety Laboratory. The court denied defendant's request for a 48-hour adjournment to review the analysis and photographs. Following the testimony of the People's first witness, the prosecutor provided defense counsel with a report concerning blood recovered from the clothing of defendant and the victim. The court denied defendant's request for an adjournment for the remainder of the afternoon to review the report. On the second day of trial, the prosecutor disclosed to defendant a report from the Medical Examiner concerning blood collected the day after the victim's death. Defendant moved for a mistrial based on the late disclosure of evidence and, although the court referred to the conduct of the People as "very disturbing," it reserved decision on the motion. The following day, the court permitted the People to introduce five undisclosed autopsy photographs of the victim depicting the gunshot wounds to his body. Following the close of proof, the court denied defendant's motion for a mistrial.

Pursuant to CPL 240.70 (1), "[i]f . . . the court finds that a party has failed to comply with any of the provisions of this article, the court may order such party to permit discovery of the [evidence] not previously disclosed, grant a continuance, issue a protective order, prohibit the introduction of certain evidence or the calling of certain witnesses or take any other appropriate action." In determining an appropriate remedy for the People's failure to disclose evidence, the court may consider the degree of prosecutorial fault, "but the overriding concern must be to eliminate any prejudice to the defendant while protecting the interests of society" (*People v Kelly*, 62 NY2d 516, 520 [1984]). Defendant is entitled to a new trial only when the conduct has caused such substantial prejudice to defendant such that he or she has been denied due process of law. "In

measuring whether substantial prejudice has occurred, one must look at the severity and frequency of the conduct, whether the court took appropriate action to dilute the effect of that conduct, and whether review of the evidence indicates that without the conduct the same result would undoubtedly have been reached" (*People v Mott*, 94 AD2d 415, 419 [1983]).

We conclude under the circumstances of this case that the People's conduct resulted in substantial prejudice to defendant. Here, as noted, defendant presented a justification defense (*see* Penal Law § 35.15 [2] [a]), and we conclude that the autopsy photographs exhibiting gunshot entry points and trajectories, the firearm analysis, and the analysis of blood discovered on the clothing of defendant and the victim may have been relevant to demonstrate the distance from which the bullets were fired as well as their trajectory. Furthermore, the scientific evidence requested by defendant could have been used "to determine whether further inquiry would possibly lead to information favorable to defendant's case" (*People v DaGata*, 86 NY2d 40, 45 [1995]). Although the "potential prejudice arising from noncompliance with the continuing duty of disclosure under CPL 240.20 could [have been] cured by the granting of a continuance" (*People v Eleby*, 137 AD2d 708, 709 [1988]), here the court denied defendant's requests for even brief adjournments.

We have considered the remaining contentions of defendant, including those raised in his pro se supplemental brief, and conclude that they are without merit. Present—Smith, J.P., Lunn, Fahey, Pine and Gorski, JJ.