■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JONATHAN BENTON and TIMOTHY JONES, Respondents. [910 NYS2d 795]—

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered November 4, 2009. The order

granted the motions of defendants pursuant to CPL 330.30 (1) to set aside a nonjury verdict.

It is hereby ordered that the order so appealed from is unanimously reversed on the law, the motions are denied, the verdict is reinstated and the matter is remitted to Supreme Court, Erie County, for sentencing.

Memorandum: The People appeal from an order granting the respective motions of defendants pursuant to CPL 330.30 (1) to set aside the verdict following a bench trial finding them each guilty of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]). We agree with the People that Supreme Court erred in granting those motions. Thus, we reverse the order and reinstate the verdict. Pursuant to CPL 330.30 (1), following the issuance of a verdict and before sentencing a court may set aside a verdict on "[a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would *require* a reversal or modification of the judgment *as a matter of law* by an appellate court" (emphasis added). Here, the court granted the motions based on the People's failure to disclose a DNA report that had been requested by both defendants and that defendants contended constituted *Brady* material. "Reversal of a judgment of conviction based on [the People's failure to disclose *Brady* material] is not 'mandated on appeal as a matter of law' unless the issue has been preserved for appellate review by a timely [objection]" (*People v Tillman*, 273 AD2d 913, 913 [2000], *lv denied* 95 NY2d 939 [2000]; *see People v Caswell*, 56 AD3d 1300, 1303 [2008], *lv denied* 11 NY3d 923 [2009], *reconsideration denied* 12 NY3d 781 [2009]). The record establishes that, despite discussing the lack of disclosure in court, neither defendant objected to the lack of disclosure or otherwise alerted the court to the basis for reversal set forth in the CPL 330.30 motions. Thus, because preservation of the contention underlying the CPL 330.30 motions was required and there was no preservation of that contention (*see Caswell*, 56 AD3d at 1303), reversal by an appellate court based on that contention was not required as a matter of law and the court lacked the authority to grant the CPL 330.30 motions (*see generally People v Carter*, 63 NY2d 530, 536 [1984]). Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.