# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

908

KA 11-00115

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                                    MEMORANDUM AND ORDER

JONATHAN BENTON, DEFENDANT-APPELLANT.

---

DANIEL P. GRASSO, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered January 7, 2011. The judgment convicted defendant, upon a nonjury verdict, of robbery in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]). On a prior appeal, we reversed the order that, inter alia, granted defendant's motion to set aside the verdict pursuant to CPL 330.30 (1), and we reinstated the verdict (*People v Benton*, 78 AD3d 1545, *lv denied* 16 NY3d 828). Defendant failed to preserve for our review his contention that the People committed a *Brady* violation by failing to disclose a report (hereafter, DNA report) containing the results of DNA analysis of a broken beer bottle allegedly used in the robbery (*see People v Caswell*, 56 AD3d 1300, 1303, *lv denied* 11 NY3d 923, 12 NY3d 781, *cert denied* ___ US ___, 129 S Ct 2775; *People v Thomas*, 8 AD3d 303, *lv denied* 3 NY3d 671, 682). In any event, that contention is without merit because the DNA report was not exculpatory in nature (*see People v Wright*, 43 AD3d 1359, 1360, *lv denied* 9 NY3d 1011; *People v Scott*, 32 AD3d 1178, 1179, *lv denied* 8 NY3d 884; *see also People v Forbes*, 190 AD2d 1005, *lv denied* 81 NY2d 970). Defendant also failed to preserve for our review his contention that the prosecutor violated his right to discovery pursuant to CPL 240.20 inasmuch as he did not object to the prosecutor's failure to disclose the DNA report when defendant was made aware of its existence during the trial (*see People v Delatorres*, 34 AD3d 1343, 1344, *lv denied* 8 NY3d 921). In any event, reversal based on that violation would not be required inasmuch as "defendant failed to establish that he was 'substantially

prejudice[d]' " by the belated disclosure of the DNA report (*id.; see generally People v Davis*, 52 AD3d 1205, 1206-1207).

Finally, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Entered:  September 30, 2011      Patricia L. Morgan
Clerk of the Court