# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1288

KA 11-00710

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

TIMOTHY JONES, DEFENDANT-APPELLANT.

---

DANIEL P. GRASSO, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered January 7, 2011. The judgment convicted defendant, upon a nonjury verdict, of robbery in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]). On a prior appeal by the People, we reversed the order that, inter alia, granted defendant's motion to set aside the verdict pursuant to CPL 330.30 (1), and we reinstated the verdict and remitted the matter to Supreme Court for sentencing with respect to defendant and his codefendant, Jonathan Benton (*People v Benton*, 78 AD3d 1545, *lv denied* 16 NY3d 828). As noted in our prior reversal, defendant's contention that the People committed a *Brady* violation by failing to disclose a report containing the results of DNA analysis of a broken beer bottle allegedly used in the robbery (hereafter, DNA report) is unpreserved for our review inasmuch as defendant did not "object[] to the lack of disclosure or otherwise alert[] the court to the basis for reversal set forth in the CPL 330.30 motions" at the time of trial (*Benton*, 78 AD3d at 1546; *see People v Caswell*, 56 AD3d 1300, 1303, *lv denied* 11 NY3d 923, 12 NY3d 781, *cert denied* ___ US ___, 129 S Ct 2775; *People v Thomas*, 8 AD3d 303, *lv denied* 3 NY3d 671, 682). Defendant again raises that contention on this appeal, despite the lack of preservation, and we conclude in any event that his contention is without merit. As we noted on the appeal of the codefendant, the DNA report was not exculpatory in nature (*People v Benton*, 87 AD3d 1304), and we thus conclude that it did not constitute *Brady* material (*see People v Zaker*, 305 AD2d 978, *lv denied* 100 NY2d 601, 2 NY3d 809; *People v*

*Martinez*, 298 AD2d 897, 898, *lv denied* 98 NY2d 769, *cert denied* 538 US 963, *reh denied* 539 US 911).  Defendant also failed to preserve for our review his contention that the prosecutor violated his right to discovery pursuant to CPL 240.20 inasmuch as he did not object to the prosecutor's failure to disclose the DNA report when defendant was made aware of its existence during the trial (*see People v Delatorres*, 34 AD3d 1343, 1344, *lv denied* 8 NY3d 921).  In any event, reversal based on that violation would not be required inasmuch as "defendant failed to establish that he was 'substantially prejudice[d]' " by the belated disclosure of the DNA report (*id.; see generally People v Davis*, 52 AD3d 1205, 1206-1207).

Finally, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Entered:  December 23, 2011                       Frances E. Cafarell
                                                  Clerk of the Court