# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1452**

**KA 08-01812**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

MICHAEL A. POWELL, DEFENDANT-APPELLANT.

---

KIMBERLY J. CZAPRANSKI, INTERIM CONFLICT DEFENDER, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL A. POWELL, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered June 23, 2008. The judgment convicted defendant, after a nonjury trial, of burglary in the third degree and petit larceny.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of burglary in the third degree (Penal Law § 140.20) and petit larceny (§ 155.25). In his main and pro se supplemental briefs, defendant contends that the evidence is not legally sufficient to support the conviction because, inter alia, the structure involved does not constitute a building within the meaning of the burglary statute. We reject that contention. " 'Building,' in addition to its ordinary meaning, includes any structure . . . used by persons for carrying on business therein" (§ 140.00 [2]). It is well settled that a garage is a building within the meaning of the statute (*see e.g. People v Avilez*, 56 AD3d 1176, 1176-1177, *lv denied* 12 NY3d 755; *People v Horn*, 302 AD2d 975, 975, *lv denied* 100 NY2d 539). Contrary to defendant's further contention, a structure under construction that has walls and a roof is a building within the meaning of the statute (*see People v Angel*, 178 AD2d 419, 419, *lv denied* 79 NY2d 852; *see also People v Fox*, 3 AD3d 577, 578, *lv denied* 2 NY3d 739; *see generally People v Fennell*, 122 AD2d 69, 70-71, *lv denied* 68 NY2d 1000), and "[t]he structure need not . . . be fully completed or occupied" (*Fox*, 3 AD3d at 578). We conclude that the evidence, viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495).

Furthermore, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

With respect to defendant's contention in his main and pro se supplemental briefs that he was denied effective assistance of counsel, it is well settled that the "failure of defense counsel to facilitate defendant's testimony before the grand jury does not, per se, amount to the denial of effective assistance of counsel" (*People v Simmons*, 10 NY3d 946, 949; *see People v Johnson*, 94 AD3d 1563, 1564, *lv denied* 19 NY3d 962; *People v Perez*, 67 AD3d 1324, 1325, *lv denied* 13 NY3d 941). Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we reject defendant's contention that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant failed to preserve for our review his contention in his main brief that the indictment must be dismissed because the stolen doors were improperly returned to the owner in violation of Penal Law § 450.10 (*see Matter of Matthew M.R.*, 37 AD3d 1135, 1135-1136; *People v Watkins*, 239 AD2d 448, *lv denied* 91 NY2d 837). In any event, defendant seeks only dismissal of the indictment based on that alleged violation, and the statute provides that "[f]ailure to comply with any one or more of the provisions of this section shall not for that reason alone be grounds for dismissal of the accusatory instrument" (§ 450.10 [10]). Defendant also failed to preserve for our review his contention in his main brief that the prosecutor violated his right to discovery under CPL 240.20 "inasmuch as he did not object to the prosecutor's failure to disclose [photographs of the stolen property] when defendant was made aware of [their] existence during the trial" (*People v Jones*, 90 AD3d 1516, 1517, *lv denied* 19 NY3d 864; *see People v Benton*, 87 AD3d 1304, 1305, *lv denied* 19 NY3d 862; *People v Delatorres*, 34 AD3d 1343, 1344, *lv denied* 8 NY3d 921). In any event, reversal based on any such violation would not be required because "defendant failed to establish that he was 'substantially prejudice[d]' " by the prosecutor's failure to disclose such photographs (*Delatorres*, 34 AD3d at 1344).

Defendant further contends in his main brief that Monroe County Sheriff's Deputies stopped his vehicle and placed him in custody without probable cause to believe that he had committed a crime and thus that County Court erred in refusing to suppress evidence seized following that allegedly unlawful arrest. We reject that contention. A homeowner called 911 at approximately 3:30 a.m. to report that a person was removing property from a neighboring house that was under construction, and was placing the property in a pickup truck. The emergency dispatcher broadcast that information and a description of the truck, which had distinctive lights and a cap over the bed. A deputy found defendant in the driver's seat of a pickup matching that description, which was stopped partly on the roadway at 3:45 a.m., approximately one quarter of a mile from the location from which the property was taken. As the deputy approached the driver's door, he noticed that there were two new house doors in the bed of the pickup,

still in their original packing.  After briefly questioning defendant, the deputy placed him in the rear of a patrol vehicle and held him a brief time until the owner of the property responded to that location and confirmed that the property was his.  We conclude that the deputy "had reasonable suspicion to stop and detain defendant 'based on the totality of the circumstances,' " including a radio transmission providing a description of the vehicle operated by the perpetrator of the crime and the deputy's observation of the vehicle operated by defendant, which matched that radio transmission, defendant's proximity to the location of the crime, the brief period of time between the crime and the discovery of defendant near the location of the crime, and defendant's possession of the apparently stolen property (*People v Moss*, 89 AD3d 1526, 1527, *lv denied* 18 NY3d 885).

We have considered defendant's remaining contentions, including those raised in his pro se supplemental brief, and conclude that they are without merit.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court