THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP NARAN, Appellant. [987 NYS2d 891]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered April 30, 2012, convicting him of possessing a sexual performance by a child (52 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The trial court erred in denying the defendant's motion to compel the People to provide the defendant with the opportunity to inspect the laptop computer that was seized from his home and for an adjournment of the trial, in order to permit the defense to examine that computer (*see* CPL 240.20 [1] [f]; *People v DaGata*, 86 NY2d 40, 44-45 [1995]; *People v Dudley*, 268 AD2d 442 [2000]; *see also People v Davis*, 52 AD3d 1205, 1206-1207 [2008]). The defendant was entitled to inspect the laptop computer, pursuant to CPL 240.20 (1) (f), and the defendant made a timely demand to inspect the laptop computer (*see* CPL 240.20 [1] [f]; *see People v Metivier*, 210 AD2d 260, 261 [1994]).

Further, the laptop computer was central to the People's case against the defendant; the People's expert witness testified, at length, as to his examination of the laptop computer, the evidence that was extracted from that computer, and the basis for his conclusion that such evidence was accessed from or uploaded to the internet by the defendant. Additionally, the prosecution provided no reason for its failure to provide the computer to the defense. Under these circumstances, this error warrants reversal (*see People v Davis*, 52 AD3d at 1206-1207; *People v Dudley*, 268 AD2d 442 [2000]).

In light of our determination, we need not reach the defendant's remaining contentions. Dillon, J.P., Hall, Sgroi and Barros, JJ., concur.