People v Mojena (2021 NY Slip Op 04854)





People v Mojena


2021 NY Slip Op 04854


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


576 KA 16-02223

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARVIS MOJENA, JR., DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered April 18, 2016. The judgment convicted defendant upon his plea of guilty of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). As defendant correctly contends and the People do not dispute, the record does not establish that defendant validly waived his right to appeal. Supreme Court's oral waiver colloquy and the written waiver signed by defendant together " 'mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal and the attendant rights to counsel and poor person relief, as well as a bar to all postconviction relief, and there is no clarifying language in either the oral or written waiver indicating that appellate review remained available for certain issues' " (People v Johnson, 192 AD3d 1494, 1495 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). We thus conclude that defendant's purported waiver is not enforceable inasmuch as the totality of the circumstances fails to reveal that defendant "understood the nature of the appellate rights being waived" (Thomas, 34 NY3d at 559).
Even assuming, arguendo, that defendant preserved his contention that the People violated their obligation under Brady v Maryland (373 US 83 [1963]) when they failed to disclose certain grand jury testimony to him (cf. People v Jones, 90 AD3d 1516, 1517 [4th Dept 2011], lv denied 19 NY3d 864 [2012]; People v Johnson, 88 AD3d 1293, 1294 [4th Dept 2011]), we conclude that the grand jury testimony lacked exculpatory value and therefore that disclosure was not warranted (see People v Garguilio, 57 AD3d 797, 799 [2d Dept 2008]; see also People v Wright, 43 AD3d 1359, 1360 [4th Dept 2007], lv denied 9 NY3d 1011 [2007]; People v Smith, 273 AD2d 896, 897 [4th Dept 2000], lv denied 95 NY2d 938 [2000]). In any event, we also conclude that "defendant failed to make a prima facie showing of a reasonable possibility that the nondisclosure of the [grand jury testimony] contributed to his conviction" (People v Boykins, 160 AD3d 1348, 1349 [4th Dept 2018], lv denied 31 NY3d 1145 [2018] [internal quotation marks omitted]; see People v Switts, 148 AD3d 1610, 1611-1612 [4th Dept 2017], lv denied 29 NY3d 1087 [2017]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court