■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BRIGGS, Appellant. [729 NYS2d 138] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered May 24, 1999, convicting defendant, after a jury trial, of robbery in the first degree (three counts), robbery in the second degree (three counts) and criminal possession of a weapon in the second and third degrees and sentencing him, as a persistent violent felony offender, to an aggregate term of 23 years to life, unanimously affirmed.

The hearing court properly denied defendant's suppression motion. A citizen informant, who the police observed chasing two men on bicycles, told the officers that the men on the bicycles had robbed a store at a particular location. This information provided the police with reasonable suspicion that defendant was involved in the commission of a crime and was a sufficient predicate for a forcible stop and detention (*see, People v Arthur*, 209 AD2d 175, *lv denied* 84 NY2d 1028).

After following the informant to the entrance of a park, where the informant pointed out defendant and the codefendant as the robbers, the police got out of their van and walked into the park. Defendant and the codefendant glanced at the officers, jumped on their bicycles and fled in opposite directions, further enhancing the officers' suspicion that defendant was engaged in criminal activity. Moreover, given the information provided by the informant that a robbery was committed, the officers were justified in believing that the suspects were armed, and were entitled to take precautions to ensure their safety. That the officer approached defendant with his gun drawn does not transform an otherwise lawful stop into an arrest (*see, People v Chestnut*, 51 NY2d 14, *cert denied* 449 US 1018). Upon stopping defendant and the codefendant, a protective frisk was justified. The frisk yielded a gun from the codefendant and a large sum of money from defendant, which provided the officers with probable cause to arrest them.

Since the search and subsequent arrest were lawful, the physical evidence, statements, and identification testimony were admissible at trial.

We perceive no basis for reduction of sentence. Concur—Sullivan, P. J., Rosenberger, Ellerin, Wallach and Marlow, JJ.