■ The People of the State of New York, Respondent, v Alejandro Izquierdo, Appellant. [739 NYS2d 78] —Judgment, Supreme Court, New York County (Micki Scherer, J., at pretrial proceedings; Ira Beal, J., at suppression hearing, jury trial, and sentence), rendered June 15, 1998, convicting defendant of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence established that defendant had the requisite intent to cause physical injury to the victim by means of a dangerous instrument (Penal Law § 120.05 [2]). Defendant instigated the altercation by jumping out of his car and standing in front of the victim's vehicle, opened that vehicle's door and threw a punch at the victim after he came out, and then slammed the door into the victim's face, causing injury. From the entire sequence of events, the jury was entitled to infer that defendant intended to cause physical injury by means of the car door.

The motion and trial courts properly declined to compel discovery of the addresses of three potential witnesses who were not called by the People. There is no statutory basis for such disclosure (CPL 240.20 [1]), and since defendant conceded that there was no reason to believe that any of the witnesses would provide exculpatory testimony, there was no constitutional basis (compare, People v Andre W., 44 NY2d 179). Moreover, the People represented that one of the three individuals could not be located, and that the other two had been contacted but were unwilling to speak to defense counsel.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Nardelli, J.P., Buckley, Ellerin, Lerner and Rubin, JJ.