Appeal from a judgment of Onondaga County Court (Aloi, J.), entered April 25, 2002, convicting defendant following a jury trial of, inter alia, manslaughter in the first degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the second degree (§ 265.03), defendant contends, inter alia, that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence. Specifically, defendant contends that the People failed to disprove the defense of justification beyond a reasonable doubt. We disagree. An essential element of the justification defense is that defendant was unable to retreat from the encounter safely (see § 35.15 [2] [a]; People v Magliato, 68 NY2d 24, 26 [1986]). Here, viewed in the light most favorable to the People, the testimony of prosecution witnesses establishes that, although the victim was the first person to brandish a gun, he put the gun away before any shots were fired. Thereafter, defendant retreated to his vehicle, reached inside and returned with a gun. Defendant then began shooting his weapon first, and the victim returned fire. Based on that testimony, the jury could reasonably have found that “defendant could have safely retreated *929 without killing [the victim]” (People v White, 168 AD2d 962, 963 [1990], lv denied 77 NY2d 968 [1991]). We therefore conclude that the conviction is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). “According great deference to the jury’s determination after viewing the [evidence],” we further conclude that the verdict rejecting defendant’s justification defense is not against the weight of the evidence (People v Lanier, 275 AD2d 937, 937 [2000], lv denied 96 NY2d 736 [2001]; see generally Bleakley, 69 NY2d at 495).
We reject the further contention of defendant that he was denied his rights to a fair trial and due process by the prosecutor’s failure to disclose the addresses and telephone numbers of potential prosecution witnesses. There is no statutory basis to compel such disclosure (see CPL 240.20 [1]; People v Izquierdo, 292 AD2d 247 [2002], lv denied 98 NY2d 698 [2002]), and County Court did not abuse its discretion in denying such disclosure where, as here, defense counsel had ample opportunity to subpoena the witnesses but failed to do so. Having failed to search out the witnesses, defendant failed to demonstrate that he had a “material need” for the information requested (People v Miller, 106 AD2d 787, 788 [1984]; see People v Swanson, 234 AD2d 896 [1996], lv denied 89 NY2d 1041 [1997]). Defendant’s contention that the failure to disclose the witness information constitutes a Brady violation because the addresses and telephone numbers may have led to potentially exculpatory material is raised for the first time on appeal and, therefore, is not preserved for our review (see People v Martinez, 298 AD2d 897, 898 [2002], lv denied 98 NY2d 769 [2002], cert denied — US —, 123 S Ct 1752, [2003] reh denied — US —, 123 S Ct 2266 [2003]; People v Anderson, 274 AD2d 974 [2000], lv denied 95 NY2d 863 [2000]). In any event, that contention is “entirely speculative and, therefore, is not a basis for reversal” (People v Thornton, 130 AD2d 78, 82 [1987], lv denied 70 NY2d 755 [1987]).
Finally, we reject the further contention of defendant that he was denied a fair trial based on the refusal of a potential prosecution witness to talk to defendant’s attorney, allegedly because the prosecutor had told the witness not to discuss the case with anyone. Defendant’s attorney sought a letter from the prosecutor excepting defense counsel from that alleged prohibition. The prosecutor denied giving such an instruction and refused counsel’s request. Because witnesses have a constitutional right to refuse to talk to defense counsel (see People v Marino, 87 Misc 2d 542, 543 [1976]), and because there is no evidence that *930 the prosecutor gave such an instruction, we conclude that there is no merit to defendant’s contention. Present—Pigott, Jr., PJ., Pine, Hurlbutt, Kehoe and Hayes, JJ.