■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL STOKES, Appellant. [808 NYS2d 635]—

Judgment, Supreme Court, New York County (Joan C. Sudolnik, J.), rendered November 1, 2001, convicting defendant, after a jury trial, of robbery in the first degree and resisting arrest, and sentencing him to concurrent terms of 12 years and one year, respectively, and order, same court and Justice, entered on or about April 2, 2004, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The court properly denied defendant's CPL 440.10 motion in which he claimed ineffective assistance of counsel. Defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant was convicted of first-degree robbery under the theory of displaying what appeared to be a weapon (Penal Law § 160.15 [4]). Trial counsel pursued a vigorous misidentification and alibi defense, but did not raise the statutory affirmative defense that the apparent weapon was not a loaded, operable firearm. Although, in defendant's submissions on the motion, counsel asserted that his failure to raise this defense was the product of ignorance of the affirmative defense rather than strategy, we conclude that a reasonably competent attorney, familiar with the defense, would not have raised it on the facts of this case.

There is no reason to believe that counsel could have established a factual basis for this affirmative defense. Unlike the situation in *People v Gilliard* (72 NY2d 877 [1988]), this defendant had ample opportunity to dispose of a weapon before being apprehended. Moreover, while the assertion of inconsistent defenses is permissible (*People v Steele*, 26 NY2d 526, 529 [1970]), it is "plainly a hazardous tactic" (*People v DeGina*, 72 NY2d 768, 777 [1988]). In particular, use of the affirmative defense under Penal Law § 160.15 (4) poses the danger of undermining a defendant's misidentification defense (*People v Maldonado*, 175 AD2d 698, 700 [1991]).

In any event, even if we were to find that a reasonably competent attorney would have employed the affirmative defense, we would find no basis for reversal. Counsel's failure to raise this defense could not have affected the outcome of the case or deprived defendant of a fair trial (*see People v Caban*, 5 NY3d 143 [2005]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]).

After weighing the relevant factors, the trial court properly exercised its discretion in denying defendant's request to call an expert witness on identification (*see People v Lee*, 96 NY2d 157, 162 [2001]). There is no indication that the jury required expert testimony in order to evaluate the identification testimony. Accordingly, there was no violation of defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]). We also note that the court was entitled to consider, along with all the other factors, that the application was made on the eve of trial and would have necessitated a significant delay if granted (*see People v Foy*, 32 NY2d 473, 476 [1973]). Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ.