■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
NICO LEGRAND, Appellant. [814 NYS2d 37]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J., at *Frye* hearing; William A. Wetzel, J., at jury trial and sentence), rendered January 13, 2003, convicting defendant of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly denied defendant's motion to dismiss the indictment based on preindictment delay (*see People v Vernace*, 96 NY2d 886 [2001]; *People v Taranovich*, 37 NY2d 442 [1975]). The charges against defendant were very serious, defendant was not incarcerated on the instant charges, there was no showing of prejudice to him and the delay of almost eight years in commencing the prosecution was not designed to gain a tactical advantage. The major portion of the delay was attributable to difficulty locating witnesses and good-faith discretionary decisions by the police (*see People v Rodriguez*, 281 AD2d 375 [2001], *lv denied* 96 NY2d 901 [2001]).

Following a comprehensive hearing conducted pursuant to *Frye v United States* (293 F 1013 [DC Cir 1923]), the court properly exercised its discretion in denying defendant's request to introduce expert testimony on eyewitness identifications (*see People v Lee*, 96 NY2d 157, 162 [2001]). The record supports the court's determination (196 Misc 2d 179 [2002]) that the proffered expert testimony was not generally accepted by the relevant scientific community. In any event, "even without expert testimony, defendant was able to attack thoroughly the People's identification testimony through cross-examination and summation arguments" (*People v Lopez*, 1 AD3d 168, 169 [2003], *lv denied* 1 NY3d 598 [2004]).

The trial court properly denied, as untimely (CPL 255.20 [1]), defendant's motion to suppress identification testimony, since defendant had sufficient information upon which to have made a motion long before trial, and he failed to establish good cause for the delay (*see People v Marengo*, 287 AD2d 279 [2001], *lv denied* 97 NY2d 684 [2001]). Defendant's explanation for the delay in making the motion is unpersuasive. The record also supports the court's alternative ruling that there was no legal basis for suppression of any identification testimony (*see People v Clark*, 85 NY2d 886, 888-889 [1995]). Concur—Andrias, J.P.,

Saxe, Nardelli, Catterson and Malone, JJ. [*See* 196 Misc 2d 179 (2002).]