■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL L. PACHECO, Appellant. [832 NYS2d 248]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered March 26, 2004, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the indictment should have been dismissed because his defense was improperly impaired by the delay of approximately 18 years between the date the crime was committed and the date of the indictment is unpreserved for appellate review to the extent it is based on his argument that he was prevented from preparing a defense because of dead and otherwise missing witnesses (*see* CPL 470.05 [2]). In any event, the delay of approximately 18 years between the date of the crime and the indictment charging the defendant with two counts of murder in the second degree did not violate the defendant's due process right to a speedy trial (*see People v LeGrand*, 28 AD3d 318 [2006]; *People v Vernace*, 274 AD2d 595 [2000], *affd* 96 NY2d 886 [2001]). The delay was based on a good faith determination that the police lacked probable cause to arrest the defendant until several witnesses came forward in 2002 and told law enforcement officials that the defendant admitted killing the victim (*see People v Singer*, 44 NY2d 241, 254 [1978]; *People v LeGrand, supra; People v Evans*, 16 AD3d 595, 596 [2005]; *People v Vernace, supra*).

Contrary to the defendant's contention, the trial court properly exercised its discretion in denying his request to

introduce expert testimony on identification, particularly since the identifying witness knew the defendant for months (*see People v Miller*, 8 AD3d 176 [2004], *affd* 6 NY3d 295 [2006]). Even without expert testimony, the defendant was able to attack thoroughly the People's identification testimony through cross-examination and summation arguments, and there is no reason to believe that the jury required expert testimony in order to evaluate the identification testimony (*see People v Stokes*, 25 AD3d 332 [2006]; *People v Miller, supra; People v Lopez*, 1 AD3d 168 [2003]).

The defendant's contention that admission of autopsy and crime scene photographs of the victim's body was unduly prejudicial is without merit. Generally, "photographs [of the deceased] are admissible if they tend to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered. They should be excluded only if [their] sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (*People v Wood*, 79 NY2d 958, 960 [1992] [internal quotation marks omitted]). The probable time of death was a material issue in this case. Therefore, the autopsy and crime scene photographs of the deceased's body were relevant and necessary to this issue, among others (*see People v Webster*, 248 AD2d 738 [1998]).

The defendant's contention that he was deprived of his rights to a fair trial and due process by the prosecutor's failure to disclose the home addresses of potential prosecution witnesses is without merit because "[t]here is no statutory basis to compel such disclosure" (*People v Estrada*, 1 AD3d 928, 929 [2003]; *see also* CPL 240.20 [1]; *People v Izquierdo*, 292 AD2d 247 [2002]). Nor does the prosecutor's failure to divulge this information constitute a violation of *Brady v Maryland* (373 US 83 [1963]). The defendant's claim that the addresses may have led to potentially exculpatory material is "entirely speculative and, therefore, is not a basis for reversal" (*People v Thornton*, 130 AD2d 78, 82 [1987]; *see also People v Pannell*, 3 AD3d 541 [2004]).

The defendant, who was initially charged with intentional murder and depraved indifference murder, was not entitled to jury charges on the lesser-included offenses of manslaughter in the first degree and/or manslaughter in the second degree, because no reasonable view of the evidence would allow a finding that the defendant committed either one of the lesser offenses but not one of the greater offenses (*see People v Cleveland*, 257 AD2d 689, 692 [1999]).

Contrary to the defendant's contention, the trial court properly refused to admit purported past-recollection-recorded evidence, in light of the subject witnesses' failure to testify that they believed their statements were correct at the time they were made (*see People v Fields*, 151 AD2d 598 [1989]).

The defendant's contention that the trial court violated *People v Payne* (3 NY3d 266 [2004]) by submitting to the jury both the intentional murder and depraved indifference murder counts charged in the indictment is not preserved for appellate review (*see* CPL 470.05 [2]). In any event, "[t]o the extent there was any error in the court's refusal to dismiss a depraved indifference murder count . . . , there is no basis for reversal because the jury only convicted defendant of intentional murder . . . Although defendant nevertheless claims prejudice, there is no support for his argument" (*People v Diaz*, 35 AD3d 226 [2006]; *see also People v Griffin*, 28 AD3d 578 [2006]).

The defendant's remaining contentions are without merit. Mastro, J.P., Krausman, Florio and Balkin, JJ., concur.