■ The People of the State of New York, Respondent, v Robert Tocci, Appellant. [859 NYS2d 719]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Brown, J.), rendered July 16, 2004, convicting him of robbery in the first degree (five counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress lineup identification testimony.

Ordered that the judgment is affirmed.

The testimony presented at a suppression hearing revealed that a police detective received an anonymous tip indicating that the defendant had been involved in bank robberies in Nassau County. The caller also provided information regarding the vehicle that had been used in the robberies. The police observed the defendant driving this vehicle, which also matched the description offered by two witnesses of the car used by the bank robber. The police also were able to compare the photograph of the defendant received from his parole officer with the photographs of the bank robber obtained from the video surveillance cameras. These aspects of the independent police investigation sufficiently corroborated the anonymous tip so as to satisfy both

the reliability and the basis of knowledge components. Thus, contrary to the defendant's contention, there was probable cause to arrest him and lack of probable cause could not be a basis to suppress any evidence (*see Spinelli v United States*, 393 US 410 [1969]; *Aguilar v Texas*, 378 US 108 [1964]; *People v Hetrick*, 80 NY2d 344, 348 [1992]; *People v Brown*, 256 AD2d 414, 415 [1998]).

The defendant's contention that the lineup procedure was unduly suggestive because the fillers did not sufficiently resemble him, and that any in-court identification was thereby tainted, is without merit (*see People v Green*, 14 AD3d 578 [2005]; *People v Cheung*, 255 AD2d 102 [1998]).

After weighing the relevant factors, the trial court properly exercised its discretion in denying the defendant's request to call an expert witness on identification, particularly since there were 11 eyewitnesses as well as additional significant corroborating evidence, and there was no indication that the jury required such testimony (*see People v Lee*, 96 NY2d 157, 160 [2001]; *People v Pacheco*, 38 AD3d 686 [2007]; *People v Stokes*, 25 AD3d 332 [2006]; *cf. People v LeGrand*, 8 NY3d 449 [2007]).

The Supreme Court providently exercised its discretion in denying the defendant's request for an adjournment for additional time to procure certain documents (*see People v Hearns*, 33 AD3d 722 [2006]; *People v Rodriguez*, 299 AD2d 564, 564-565 [2002]).

Contrary to the defendant's contention, he was properly adjudicated a persistent violent felony offender (*see* Penal Law § 70.08 [1]). Since the defendant was adjudicated a second violent felony offender after his 1990 conviction, that determination was binding in the instant proceeding and the defendant could not contest the use of the 1987 conviction (*see People v Boutte*, 304 AD2d 307 [2003]; *People v Cooper*, 241 AD2d 553 [1997]). Further, the defendant failed to allege any facts to support his claim that his 1990 conviction was unconstitutionally obtained, and thus did not overcome the presumption of regularity accorded to prior court proceedings (*see People v Moolenaar*, 160 AD2d 658 [1990]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). The defendant's claim that the sentence violated the Eighth Amendment prohibition against cruel and unusual punishment is unpreserved for appellate review (*see People v Rosario*, 22 AD3d 871 [2005]) and, in any event, is without merit (*see People v Thompson*, 83 NY2d 477, 479 [1994]; *People v Rosario*, 22 AD3d 871 [2005]).

Contrary to the defendant's contention, he received meaning-

ful representation (see People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are without merit. Spolzino, J.P., Carni, Dickerson and Eng, JJ., concur.