The People of the State of New York, Respondent, v Terrell Ziegler, Appellant. [877 NYS2d 557]—

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered June 16, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in refusing to suppress the handgun seized by the police from his person. We reject that contention. Following an anonymous telephone call stating that three black males with certain physical characteristics and wearing white T-shirts were carrying guns in a specified area, a police officer responded to the scene. That officer observed three black males matching the description provided by the anonymous caller and asked them to approach his vehicle and to show their hands to him. One of the individuals immediately fled, while reaching toward his waistband. Shortly thereafter, defendant and the third individual fled. Officers pursued the three men and, after apprehending defendant, they recovered a handgun from his waistband.

Even assuming, arguendo, that defendant preserved for our review his contention that the officer's verbal command to defendant to approach the police vehicle and to show his hands to the officer constituted an illegal seizure, we reject that contention. That verbal command did not result in a significant interruption of defendant's liberty of movement (see Brown v State of New York, 45 AD3d 15, 24-25 [2007], lv denied 9 NY3d 815 [2007]; People v Jenkins, 209 AD2d 164, 165 [1994]). Contrary to the further contention of defendant, the fact that he and his companions did not comply with the officer's verbal command,

coupled with the fact that one of defendant's companions fled the scene while reaching toward his waistband, provided the police with reasonable suspicion that defendant and his companions were in possession of guns and justified their pursuit of defendant (*see People v Moore*, 6 NY3d 496, 500-501 [2006]). "It is quite apparent to an experienced police officer, and indeed it may almost be considered common knowledge, that a handgun is often carried in the waistband" (*People v Benjamin*, 51 NY2d 267, 271 [1980]). Finally, contrary to defendant's contention, the observations of the officer corroborated the anonymous caller's description of the suspects as well as the caller's claim that at least one of the suspects was carrying a gun (*cf. Moore*, 6 NY3d at 499-500). Present—Hurlbutt, J.P., Peradotto, Carni, Green and Pine, JJ.