■ The People of the State of New York, Respondent, v Lenny Emiliano, Appellant. [916 NYS2d 61]—

Judgment, Supreme Court, Bronx County (Michael A. Gross, J., at hearings; Elizabeth Foley, J., at jury trial and sentence), rendered November 30, 2007, convicting defendant of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 21 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress the fruits of an allegedly unlawful seizure. We find the police had, at least, reasonable suspicion to warrant a forcible detention and frisk.

A taxi pulled up alongside a police car, and a passenger pointed to a nearby building and told the officers that someone was being robbed. She also pointed out defendant and his codefendant, who were walking away from the building. An officer specifically testified that the woman pointed at the two men and identified them as the robbers, and defendant's assertions to the contrary are not supported by the hearing record.

Although the woman was never identified, the reliability of her statement was enhanced by the fact that it was made in a face-to-face encounter with the police (*see e.g. People v Appice*, 1 AD3d 244 [2003], *lv denied* 1 NY3d 594 [2004]). Moreover, her information was corroborated by defendant's suspicious actions (*see e.g. People v Briggs*, 286 AD2d 270 [2001], *lv denied* 97 NY2d 639 [2001]). At first, defendant and the codefendant walked rapidly together. They slowed down when they left the immediate vicinity of the alleged robbery. Then, when they looked at the marked police car, they looked at each other and separated, running in opposite directions. The record establishes that defendant did not simply exercise his "right to be let alone," but "actively fled from the police" (*People v Moore*, 6 NY3d 496, 500-501 [2006]). Based on all these circumstances, the police justifiably detained defendant at gunpoint (*see People v Martinez*, 80 NY2d 444, 448 [1992]).

At trial, the court properly denied defendant's motion to preclude a 911 tape as a sanction for the People's allegedly belated disclosure of the anonymous caller's phone number. Long before trial, the People disclosed the Sprint report as well as a tape recording of a 911 call describing the robbery. The caller's phone number was redacted from the report. During trial, the People, who had been unsuccessful in obtaining the caller's cooperation, sought to introduce the tape under the excited utterance and present sense impression exceptions to the hearsay rule. Defendant then requested the caller's phone

number, and, at the court's direction, the People disclosed it. Defendant was unable to locate the caller, and complained, as he does on appeal, that the belated disclosure prevented him from making contact.

Initially, we note that the People do not have a duty to disclose contact information for potential witnesses, except to the extent that may be required by their obligation under *Brady v Maryland* (373 US 83 [1963]) to disclose exculpatory information (*see People v Izquierdo*, 292 AD2d 247 [2002], *lv denied* 98 NY2d 698 [2002]; *compare People v Andre W.*, 44 NY2d 179, 184 [1978]).

However, defendant claims he is not raising a *Brady* issue, but a Confrontation Clause issue, arising from his inability to "cross-examine" the 911 caller. That argument is misplaced. Regardless of whether defendant may have wanted to interview the caller or call her as a defense witness, the 911 tape was admissible as an exception to the hearsay rule, irrespective of the absence of cross-examination. It qualified, inter alia, as a present sense impression (*see People v Brown*, 80 NY2d 729 [1993]), and it was not testimonial for Confrontation Clause purposes (*see Davis v Washington*, 547 US 813, 822 [2006]).

In any event, defendant was aware from the inception of the case that the report contained a redacted number. The People disclosed the number when defendant finally asked for it. Thus, the People cannot be faulted for defendant's inability to contact the caller, and defendant was not entitled to any sanction.

Moreover, defendant has not shown that he was prejudiced by the timing of the disclosure. There is no indication that earlier disclosure of the phone number would have enabled defendant to locate the caller, or that she would have provided any information helpful to the defense (*see e.g. People v Buie*, 289 AD2d 140 [2001], *lv denied* 98 NY2d 695 [2002]).

Defendant's remaining arguments are unavailing. The court properly exercised its discretion in denying defendant's mistrial motion, made after an officer revealed inadmissible hearsay. The court's prompt curative instruction, which the jury is presumed to have followed (*see People v Davis*, 58 NY2d 1102, 1104 [1983]), was adequate to prevent any prejudice. Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Saxe, J.P., Friedman, Catterson, Acosta and Richter, JJ.