# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**762**

**KA 11-01645**

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

WAYNE THOMPSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered July 15, 2011. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of burglary in the second degree (Penal Law § 140.25 [2]). Contrary to defendant's contention, Supreme Court properly refused to suppress physical evidence seized from him and his statements to a police officer. Defendant contends that the police had only a common-law right of inquiry under level two of *People v De Bour* (40 NY2d 210, 223), but we conclude that level three applies here, thus authorizing the police officer's forcible stop and detention of defendant (*see generally People v Moore*, 6 NY3d 496, 498-499). A retired police lieutenant (hereafter, witness) telephoned the police and gave a description of a man to the dispatcher, after observing the man enter the breezeway of his neighbor's house and then hearing a bang or a thud. An officer responded to the call in less than one minute and observed defendant, who matched the description given by the witness, walking down the driveway and carrying a blue gift bag. The officer told defendant to stop and, when defendant ignored the officer, the officer grabbed his arm and asked him various questions. The officer could see that the blue gift bag contained rolls of coins. Under those circumstances, we conclude that the officer had reasonable suspicion to stop and detain defendant (*see People v Powell*, 101 AD3d 1783, 1785, *lv denied* 20 NY3d 1102).

Contrary to defendant's further contention, the court properly sentenced him as a persistent violent felony offender (*see* Penal Law § 70.08 [1]). Defendant was convicted of attempted burglary in the

second degree (§§ 110.00, 140.25 [2]) in 1997, and two counts of burglary in the second degree (§ 140.25 [2]) in 2004. The adjudication of defendant as a second violent felony offender in 2004 is binding upon defendant (*see* CPL 400.15 [8]; *People v Tocci*, 52 AD3d 541, 542, *lv denied* 11 NY3d 858; *see also* CPL 400.15 [7] [b]). Defendant admitted at the 2004 sentencing hearing that he had a prior violent felony conviction, and he therefore cannot contest the court's use of that predicate violent felony conviction herein for purposes of determining whether he is a persistent violent felony offender (*see Tocci*, 52 AD3d at 542; *People v Wilson*, 231 AD2d 912, 913, *lv denied* 89 NY2d 868). In any event, the People established defendant's conviction of the prior violent felonies beyond a reasonable doubt (*see* CPL 400.15 [7] [a]; *People v Clyde*, 90 AD3d 1594, 1596, *lv denied* 19 NY3d 971), and further established a period of incarceration that tolled the 10-year limitation (*see* Penal Law § 70.04 [1] [b] [iv], [v]; *cf. People v Hamilton*, 49 AD3d 1163, 1164), and defendant failed to meet his burden of establishing that either the 1997 or the 2004 conviction was unconstitutionally obtained (*see generally People v Konstantinides*, 14 NY3d 1, 14-15).

Entered:  June 14, 2013                          Frances E. Cafarell
                                                 Clerk of the Court