# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1100

KA 12-00571

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

STYLES C. SALTER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered February 28, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We reject defendant's contention that County Court erred in refusing to suppress a gun seized by the police from defendant and statements made by defendant to the police as the result of an allegedly illegal stop and frisk. Two anonymous 911 calls reported a homicide and gave a description of two suspects, one of whom was an African-American male in his twenties wearing dark clothing and a red top. In addition, a police radio dispatch described one of the suspects as an African-American male last seen in the vicinity of the area in which defendant was stopped, wearing a black leather jacket, black jeans and "something red on the top area." A police officer testified that he observed defendant, an African-American male in a black leather jacket, black pants and a red shirt, near the location where the suspect had last been seen. The officer further testified that defendant was standing at an angle with his left side away from the officer and that defendant's arm was clenched at his left side. Defendant was not responsive when the officer asked him what was wrong with his arm, and the officer then conducted a pat down of defendant and recovered a gun. Contrary to defendant's contention, we conclude that the officer had the requisite reasonable suspicion to stop and detain defendant under level three of *People v De Bour* (40 NY2d 210, 223; *see People v Thompson*, 107 AD3d 1609, 1610; *People v Powell*, 101 AD3d 1783, 1785, *lv denied* 20 NY3d

1102; *see generally People v Moore*, 6 NY3d 496, 498-499).  Defendant matched the description of the suspect in the 911 calls and the police radio dispatch, and the officer observed defendant acting in a suspicious manner (*see Moore*, 6 NY3d at 500-501; *see also People v Zeigler*, 61 AD3d 1398, 1399, *lv denied* 13 NY3d 864).

     Finally, we conclude that defendant's sentence is not unduly harsh or severe.

Entered:  November 8, 2013                    Frances E. Cafarell
                                             Clerk of the Court