People v Moses (2022 NY Slip Op 03333)





People v Moses


2022 NY Slip Op 03333


Decided on May 19, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 19, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Friedman, Shulman, JJ. 


Ind. No. 3045/12 Appeal No.15972 Case No. 2021-02078 

[*1]The People of the State of New York, Respondent,
v
Sharife Moses, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Zoe Root of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Anna Notchick of counsel), for respondent.



Order, Supreme Court, New York County (Michele S. Rodney, J.), entered on or about October 23, 2019, which denied defendant's CPL 440.10 motion to vacate a judgment rendered January 8, 2015, unanimously affirmed.
The court properly exercised its discretion in denying defendant's CPL 440.10 motion without holding a hearing (see People v Samandarov, 13 NY3d 433, 439-440 [2009]). The submissions on the motion, along with the trial record, were sufficient to support the conclusion that defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]), and that there were no factual issues requiring a hearing. Defendant has not shown that either of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived him of a fair trial or had any reasonable possibility of affecting the outcome of the case.
First, defendant claims that trial counsel should have requested a jury charge on the affirmative defense to felony murder. However, nothing in the People's case demonstrated that defendant lacked a reasonable ground to believe that another participant in the crime was armed with a loaded firearm (see Penal Law § 125.25[3][c]), and defendant testified that he was not involved in the crime at all. Accordingly, there was no reasonable view of the evidence warranting an affirmative defense charge (see People v Curet, 99 AD3d 611 [1st Dept 2012], lv denied 20 NY3d 1010 [2013]), and no reason to believe that the jury would have accepted that defense if so charged. "Moreover, while the assertion of inconsistent defenses is permissible it is plainly a hazardous tactic" (People v Stokes, 25 AD3d 332, 333 [1st Dept 2006] [internal quotation marks and citations omitted], lv denied 6 NY3d 839 [2006]).
Defendant also claims that his counsel rendered ineffective assistance at a suppression hearing by failing to introduce additional evidence allegedly bearing on the suggestiveness of an identification. However, his claim was supported entirely by speculation about the possible existence of such evidence (see CPL 440.30[4][b],[d]), and this was not merely a matter of inartful phrasing. Furthermore, defendant's suggestiveness claim lacks a legal basis (see CPL 440.30[4][a]) because it is not based
on any police action, but on the possible acts of civilians (see Perry v New Hampshire, 565 US 228 [2012]; People v Marte, 12 NY3d 583, 586 [2009]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022